"This action, a claim for compensation brought pursuant to the Fifth Amendment to the United States Constitution and the Tucker Act, 28 U.S.C. § 1491 (1973),[1] is before the *884 court on defendant’s motion for summary judgment and plaintiffs’ opposition thereto.
"Plaintiffs allege that 'over-regulation’ by the Federal Deposit Insurance Corporation (FDIC) resulted in an unconstitutional taking of their interest in a successfully operating bank (Bank). Defendant counters with the assertion, inter alia, that, to the extent plaintiffs state a claim upon which relief can be granted, it is a claim sounding in tort which is not within the jurisdiction of this court. For the reasons stated below, we agree with the defendant.
"Viewing the pleadings in the light most favorable to the plaintiffs, we see a situation in which the local agents of the FDIC, through a variety of activities and actions, forced the closing of the Bank, in which plaintiffs were major shareholders, which was at that time solvent and operating smoothly.
"Plaintiffs primarily complain of four major actions by the FDIC which, they allege, constituted 'over-regulation’ to such an extent as to rise to the level of unconstitutional taking. These were (1) 'directing’ the Bank’s board of directors to hire a new chairman and chief executive officer and designating the individual to be named; (2) 'directing’ certain of the shareholders to pledge to the Bank free and clear title to certain improved real property, threatening to 'close and terminate the Bank’s existence’ if the pledge were not made; (3) 'causing] the transfer and exchange’ of substantial Bank assets, substituting in their place 'questionable assets ... in the form of bad loans and credits’ which 'lessened the value of the Bank’s assets’; and (4) 'demanding] that the Directors adopt a resolution closing the Bank on grounds of insolvency,’ even though the Bank was solvent at the time, reinforcing this demand by threatening unilaterally to close the Bank and by making various misrepresentations concerning the future intentions of the FDIC.
*885 "While we certainly concur in plaintiffs’ assertion that regulation by a Government agency can become so overbearingly burdensome that it constitutes a taking of property compensable under the Fifth Amendment, see, e.g., Benenson v. United States, 212 Ct. Cl. 375, 548 F.2d 939 (1977), we do not believe that plaintiffs’ petition properly alleges such 'over-regulation.’
"Initially, we note that the FDIC is nowhere given the authority unilaterally to take any of the actions it is alleged to have taken or compelled. See 12 U.S.C. §§ 1811-1831 (1969). The precise limits of FDIC corrective authority are well defined and action may be taken by the FDIC only with appropriate procedural safeguards and judicial supervision. See, e.g., 12 U.S.C. § 1818(a)-(h).
"Since the FDIC did not have the power to take any of the actions complained of, the most literal reading of plaintiffs’ petition would yield allegations that the FDIC or its agents had acted beyond the scope of their authority. This may state a claim upon which relief can be granted, but not in this court. The Court of Claims has no jurisdiction under 28 U.S.C. § 1491 (1973) to hear claims sounding in tort. See, e.g., Eastport Steamship Corp. v. United States, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1008-09 (1967).
"Alternatively, plaintiffs’ petition could also be read to allege that, since the Bank was solvent and operating successfully, the FDIC or its agents acted wrongfully in influencing those who had the power — the board of directors, the Bank management, or the state banking authorities — to take the actions complained of. This claim also sounds in tort and is also beyond the jurisdiction of this court. De-Tom Enterprises, Inc. v. United States, 213 Ct.Cl. 362, 552 F.2d 337 (1977).
"The underlying difficulty in plaintiffs’ petition is that the actions of the FDIC must have been either within or outside its scope of authority and must have been either justified or not justified by the financial condition of the Bank. If they were within the proper scope and justified by the diminished financial stability of the Bank — which plaintiffs cannot admit for fear of conceding that circumstances other than FDIC intervention diminished the value *886 of their property — then they were proper acts of regulation within the language of Pennsylvania Coal Co. v. Mahon, 260 U.S. 393,413 (1922), and its progeny. Trone v. United States, 213 Ct. Cl. 671 (1977). If the actions were beyond the authority of the FDIC or totally unjustified by the circumstances of the Bank — as plaintiffs allege — then the plaintiffs’ claim must necessarily sound in tort and be beyond the jurisdiction of this court. Either way, plaintiffs’ position cannot be logically maintained and we must find for defendant.
"it is therefore ordered, upon consideration of the pleadings, defendant’s motion for summary judgment and plaintiffs’ opposition thereto, without oral argument, that defendant’s motion be and hereby is granted and that plaintiffs’ petition be and hereby is dismissed for failing to state a claim within the jurisdiction of this Court.”

 Plaintiffs have initiated two suits in United States District Court for the District of Columbia which were based essentially on the same nucleus of operative facts. The first, C.A. No. 75-0230, was brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 500, 701-04. It was dismissed because plaintiffs had stated a cause of action in tort for which the Federal Tort Claims Act (FTCA) provided the exclusive remedy, 28 U.S.C. § 2679, but had failed tó comply with procedural requirements of the FTCA. This dismissal was affirmed by the Court of Appeals. Sharp v. FDIC, 535 F.2d 1325 (D.C. Cir. 1976). The second suit, C.A. No. 76-0176, filed after the dismissal *884 of the first, was brought pursuant to the FTCA. It was dismissed, however, because plaintiffs had exceeded the two-year statute of limitations of the FTCA. 28 U.S.C. § 2401(b). Plaintiffs appealed, No. 76-1700, and the case was briefed and argued, but the appeal was withdrawn by stipulation prior to decision on January 21, 1977. This suit was filed on January 24, 1977.